

SHORT RECORD
Appeal No. 23-2099
Filed 05.31.2023

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF ILLINOIS
BENTON DIVISION**

**FILED**

MAY 3 1 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

| | |
|---|---|
| ELISA KIRKPATRICK, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF WILLIAMSON, ILLINOIS; ALLEN HODAPP, D.V.M. in his individual capacity; BRANDON ZANOTTI, in his individual capacity as Williamson County State's Attorney; JOE CERVANTEZ and JOHN CURRIE, in their individual capacities as Williamson County Assistant State's Attorneys; BENNIE VICK in his individual capacity as Sheriff of the Williamson County Sheriff's Office; BRIAN THOMAS, RANDY PRITCHARD, and CARL THRELKELD, in their individual capacities as police officers of the Williamson County Sheriff's Office; ED BARWICK, in his individual capacity as animal control officer of Williamson County Animal Control; STACEY BALLARD, in her individual capacity as Animal Welfare Investigator of Illinois Department of Agriculture; DOE Individuals I-X in their individual capacities as police officers of the Williamson County Sheriff's Office; DOES XI-XV, in their individual capacities as animal control officers for Williamson County Animal Control, <br><br> Defendants. | **NOTICE OF APPEAL** <br><br> **APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT** <br><br> **FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DIVISION OF ILLINOIS** <br><br> **Case Number: 3:22-cv-02084-SMY** <br><br> **With The Honorable Staci Yandle Presiding** |

Notice is hereby given that the above named Plaintiff, Elisa Kirkpatrick, hereby appeals to the United States Court of Appeals for the Seventh Circuit from the final Judgment in this action and from the Order of this Court entered on May 1, 2023, granting Defendants' Rule 12(b)(6)

dismissal of her 42 U.S.C. § 1983 suit with prejudice and closing the case. (Memorandum and Order, Dkt. 40; Judgment in a Civil Action, Dkt. 41).

Dated: ~~March~~ MAY 31, 2023      *EK*

                                                       Respectfully submitted,

                                                       */s/ Elisa Kirkpatrick*

                                                       Elisa Kirkpatrick
                                                       Pro se
                                                       804 North State
                                                       Christopher, Illinois 62822
                                                       (618) 218-2305
                                                       ElisaKirkpatrick@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF ILLINOIS
BENTON DIVISION

| | | |
|---|---|---|
| ELISA KIRKPATRICK | ) | |
| | ) | |
| Plaintiff, | ) | **NOTICE OF APPEAL** |
| | ) | |
| v. | ) | **APPEAL TO THE UNITED STATES** |
| | ) | **COURT OF APPEALS FOR THE** |
| COUNTY OF WILLIAMSON, IL. et al., | ) | **SEVENTH CIRCUIT** |
| | ) | |
| Defendants. | ) | **FROM THE UNITED STATES** |
| | ) | **DISTRICT COURT FOR THE** |
| | ) | **SOUTHERN DIVISION OF** |
| | ) | **ILLINOIS** |
| | ) | |
| | ) | Case Number: 3:22-cv-02084-SMY |
| | ) | |
| | ) | With The Honorable Staci Yandle |
| | ) | Presiding |

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2023, I manually filed a true and correct copy of the foregoing *Notice of Appeal* with the Clerk of The United States District Court For The Southern District Of Illinois in Benton, Illinois, to be entered into the CM/ECF system, which will send notification of such filing to the attorneys listed below and sent a copy of the same to the parties listed below via U.S. first class mail by placing same in an envelope with sufficient postage and placed in the U.S. mail at the post office in Christopher, Illinois.

Honorable Staci Yandle (District Court Judge)
301 West Main
Benton, Illinois 62812

Julie Koerner (attorney for Williamson County Defendants)
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
jkoerner@okgc.com

Martin Plute (attorney for Stacey Ballard)
201 West Point Drive Suite 7
Swansea, Illinois 62226
Martin.Plute@ilag.gov. and gls@ilag.gov

Ryan Wallis (attorney for Allen Hodapp)
Cassiday Schade LLP
100 North Broadway, Suite 1580
St. Louis, Missouri 63102
rwallis@cassiday.com

Rebecca Whittington (attorney for Allen Hodapp)
930 West Walnut
Carbondale, Illinois 62901
RebeccaWhittington@rebeccawhittington.net

 Under penalties as provided by law, I certify that the statements set forth herein are true and correct to the best of my knowledge.

Dated: May 31, 2023

*Elisa Kirkpatrick*
Elisa Kirkpatrick
Pro se
804 North State
Christopher, Illinois 62822
(618)218-2305
ElisaKirkpatrick@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELISA KIRKPATRICK, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-2084-SMY |
| | ) |
| COUNTY OF WILLIAMSON, ILLINOIS, | ) |
| ALLEN HODAPP, D.V.M., | ) |
| BRANDON ZANOTTI, | ) |
| JOE CERVANTEZ, JOHN CURRIE, | ) |
| BENNIE VICK, BRIAN THOMAS, | ) |
| RANDY PRITCARD, | ) |
| CARL THRELKELD, ED BARWICK, | ) |
| STACEY BALLARD, and JOHN DOES | ) |
| | ) |
|         Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Elisa Kirkpatrick is a former veterinarian who was convicted of 10 felony and misdemeanor charges in 2016. Kirkpatrick filed this action pursuant to 42 U.S.C. § 1983 against Williamson County, Illinois and various private and state actors. She alleges she was wrongfully accused and charged with aggravated cruel treatment of an animal.

This matter is now before the Court for consideration of the motions to dismiss filed by Stacey Ballard (Doc. 19), Williamson County, Brandon Zanotti, Joseph Cervantez, John Currie, Bennie Vick, Brian Thomas, Randy Pritchard, Carl Threlkeld, and Edward Barwick (the "County Defendants") (Doc. 26), and Allen Hodapp, D.V.M. (Doc. 31). Kirkpatrick responded (Docs. 24, 30, 38). For the following reasons, Defendants' motions are **GRANTED**.

Page **1** of **8**

## Background

The following factual allegations are taken from Kirkpatrick's Complaint and the state court proceedings[1] and are deemed true for the purposes of this motion. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008): Kirkpatrick is a former veterinarian. On the afternoon of May 22, 2015, Kirkpatrick performed abdominal surgery on an 8-year-old male pit bull named Chief Snoddy. The surgery occurred at Kirkpatrick's home on her kitchen island. Kirkpatrick removed a large grapefruit sized tumor during the surgery. She monitored Chief until the early evening when she left her home to attend to another dog.

Kirkpatrick was contacted by Defendant Stacey Ballard who told her that Animal Control and the Williamson County Sheriff's Office were on her property looking through the windows of her house and seeking a search warrant to enter the premises. After obtaining a search warrant, authorities searched Kirkpatrick's home and discovered several distressed dogs, cats, and other animals found caged or penned on her premises, and several other animals that were loose on the premises both inside and outside her house. Authorities also found 50 to 60 decomposing animal carcasses and "layered" animal feces on the premises. *People v. Kirkpatrick*, 148 N.E.3d at 283. Among the dozens of animals on the property, the authorities found the Chief, "lying in a crate on the kitchen floor in 'obvious distress.'" *People v. Kirkpatrick*, 148 N.E.3d at 284. Authorities removed Chief from Kirkpatrick's home. Defendant Hodapp evaluated Chief at his veterinary clinic in Marion, Illinois on the morning of May 23, 2015. Chief died approximately 24 hours after being removed from Kirkpatrick's residence. Kirkpatrick alleges that the condition of her house was not illegal or a crime but admitted that the way she was living was not normal.

---

[1] The court can take judicial notice of matters of public record without converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *Ramirez v. City of Chicago*, No. 08 C 5119, 2009 WL 1904416 (N.D. Ill. July 1, 2009) (*citing Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994)).

In June 2015, the Williamson County State's Attorney's Office charged Kirkpatrick with numerous violations of the Humane Care for Animals Act (510 ILCS 70/1, *et seq.*) and the Veterinary Medicine and Surgery Practice Act of 2004 (225 ILCS 115/1, *et seq.*). *See People v. Kirkpatrick*, 2020 IL App. 160422, 148 N.E.3d 279. Following a July 2016 bench trial, Kirkpatrick was found guilty on four counts of practicing veterinarian medicine without a valid license, six counts of violating an animal owner's duties, and one count of aggravated cruelty to a companion animal. In September 2020, the Illinois appellate court affirmed Kirkpatrick's convictions for violating an animal owners' duties and reversed the conviction for one count of aggravated cruelty to a companion animal.

Kirkpatrick asserts the following causes of action in the 137-page Complaint and seeks compensatory and punitive damages:

| | |
|---|---|
| Count I: | Fourteenth Amendment due process claim under 42 U.S.C. § 1983 against the County Defendants and Hodapp; |
| Count II: | "Federal malicious prosecution" claim under 42 U.S.C. § 1983 against the County Defendants and Hodapp; |
| Count III: | Malicious prosecution claim under state law against the County Defendants and Hodapp; |
| Count IV: | Civil conspiracy claim under 42 U.S.C. § 1983 against the County Defendants and Hodapp; |
| Count V: | Prosecution based on false evidence under 42 U.S.C. § 1983 against the County Defendants and Hodapp; |
| Count VI: | "Failure to intervene" under 42 U.S.C. § 1983 against the County Defendants, Ballard, and Hodapp; |
| Count VII: | *Monell* claim under 42 U.S.C. § 1983 against Defendant County of Williamson, Illinois; |
| Count VIII: | "Abuse of process" claim under 42 U.S.C. § 1983 against the County Defendants and Hodapp; |
| Count IX: | Fourth Amendment claim under 42 U.S.C. § 1983 against the County Defendants and Hodapp; |
| Count X: | Intentional infliction of emotional distress claim against the County Defendants and Hodapp; |

| | |
|---|---|
| Count XI: | State law defamation claim against Defendants Thomas and Hodapp; |
| Count XII: | Civil conspiracy claim under state law against the County Defendants and Hodapp; |
| Count XIII: | "Respondeat superior" claim under state law against Defendants County of Williamson, Zanotti, Vick, Thomas, and Barwick; |
| Count XIV: | "Indemnification" claim under state law against Defendant County of Williamson; and |
| Count XV: | State law negligent hiring, training, supervision, and discipline claim against Williamson County. |

## Discussion

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678.

### County Defendants' Motion to Dismiss (Doc. 26)

Kirkpatrick's allegations against the County Defendants arise from the events surrounding the May 2015 execution of the search warrant at her property, her subsequent arrest, and June 2016 trial. The County Defendants assert that Kirkpatrick's federal and state law torts claims are subject to immediate dismissal and/or are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), sovereign and/or prosecutorial immunity, the *Rooker-Feldman* doctrine, lack of subject matter jurisdiction, and/or the applicable statute of limitations.

The statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c)(1). A plaintiff can plead herself out of court on a statute of limitation basis if the face of the complaint reveals that the claim is time-barred. *Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 383 (7th Cir. 2010).

Section 1983 claims borrow the statute of limitations for analogous personal-injury claims in the forum state; in Illinois that period is two years. *See Lewis v. City of Chi.*, 914 F.3d 472, 478 (7th Cir. 2019). Relatedly, in Illinois, pursuant to the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/8-101(a) ("Tort Immunity Act"), a civil action asserted against a local entity, or its employees must be "commenced within one year from the date that the injury was received, or the cause of action accrued." 745 ILCS 10/8-101(a).

Although state law determines the length of the limitations period, federal law determines when a constitutional claim accrues (and thus when the limitations period starts). *Wilson v. Giesen,* 956 F.2d 738, 740 (7th Cir.1992). Accrual generally occurs when a "plaintiff knows or should know that his or her constitutional rights have been violated." *Id.* For § 1983 claims alleging false arrest, unlawful search and/or seizure, or failure to intervene, the statute of limitations begins to accrue at the time the plaintiff becomes detained pursuant to legal process. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007). For the tort of malicious prosecution, accrual begins at the conclusion of the criminal proceedings and when the conviction or sentence has been invalidated or overturned. *Heck v. Humphrey*, 512 U.S. at 489–90.

Kirkpatrick's claims arise from the search and seizure of her home that occurred in May 2015, her arrest in May 2015, her trial in June 2016, and subsequent convictions. Her Fourth Amendment claims accrued on the date her home was searched and her property seized in May 2015; the Fourteenth Amendment due process claims, failure to intervene, "abuse of process", conspiracy, prosecution based on false evidence, and tort claims began accruing, at the earliest in May 2015 and at the very latest at the conclusion of her June 2016 trial; and her *Monell* claim accrued when her trial ended in July 2016. *See Wallace,* 549 U.S.at 389; *Rosado v. Gonzalez,* 832 F.3d 714, 718 (7th Cir. 2016). Therefore, these § 1983 claims (Counts I, IV, V, VI, VII, VIII, and IX) are time barred because Kirkpatrick did not file this lawsuit until September 6, 2022 – four and five years too late.

Similarly, Kirkpatrick's various malicious prosecution claims and state law claims against the County Defendants (Counts II, III, X, XI, XII, XIII, XIV, and XV) are time barred because she had only one year from the accrual dates to file her lawsuit. *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) ("Illinois local governmental entities and their employees benefit from a one-year statute of limitations for civil actions against them. While the two-year period still applies to § 1983 claims against such defendants, the one-year period applies to state-law claims that are joined with a § 1983 claim."). Because the expiration of the statute of limitations is dispositive, the County Defendants' motion to dismiss is **GRANTED**.

### Defendant Ballard's Motion to Dismiss (Doc. 19)

Kirkpatrick's sole claim against Defendant Ballard is Count VI which alleges "failure to intervene" to "prevent the misconduct leading to the unlawful search of her property, seizure of her animals, malicious prosecution, false testimony, and unjust conviction" in violation of the Fourteenth Amendment. As previously stated, this claim is barred by the statute of limitations. Accordingly, Ballard's motion to dismiss is **GRANTED**.

### Defendant Hodapp's Motion to Dismiss (Doc. 31)

Kirkpatrick's claims against Hodapp arise from his role as a testifying witness. Hodapp moves to dismiss, asserting that as a witness, he has absolute immunity from liability. Additionally, Hodapp contends that he is not subject to suit under § 1983. Again, Kirkpatrick's § 1983 claims against Hodapp (Counts I, IV, V, VI, VII, VIII, and IX) are barred by the statute of limitations.

Kirkpatrick's state law defamation claim against Hodapp (Count XI) is barred by Illinois' one-year statute of limitations. *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 923 (7th Cir. 2003) (Illinois imposes a one-year statute of limitations on all defamation actions that begins to run when the defamatory statement was published). Here, at the latest, Hodapp's alleged defamatory statements occurred during the course of his trial testimony in June 2016. The state law intentional infliction of emotional distress and civil conspiracy claims were also filed too late.

The only claims against Hodapp that are not time barred are Kirkpatrick's malicious prosecution claims under § 1983 (Count II) and state law (Count III). That is because **malicious prosecution torts accrue at the conclusion of the criminal proceedings and when the conviction or sentence has been invalidated or overturned.** *Heck v. Humphrey*, 512 U.S. at 489–90. Kirkpatrick's criminal proceedings concluded when the Illinois Supreme Court denied the State's petition for leave to appeal on September 4, 2020. As such, Kirkpatrick timely filed her lawsuit on September 6, 2022 because September 4, 2022 fell on a Sunday and September 5, 2022 was a holiday. That said, Hodapp is still entitled to dismissal.

"Federal courts are rarely the appropriate forum for malicious prosecution claims [because] ... individuals do not have a federal right not to be summoned into court and prosecuted without probable cause, under either the Fourth Amendment or the Fourteenth Amendment's Procedural Due Process Clause." *Ray v. City of Chi.,* 629 F.3d 660, 664 (7th Cir. 2011) (internal quotation marks omitted). Plaintiffs may "bring Section 1983 malicious prosecution suits [only] when the relevant state's law does not provide them with a way to pursue such claims." *Id.; see also Newsom v. McCabe,* 256 F.3d 747, 750–751 (7th Cir. 2001). Because Illinois law recognizes tort claims for malicious prosecution, Kirkpatrick cannot maintain a § 1983 claim for malicious prosecution. *Ray,* 629 F.3d at 664; *Nelson v. Vill. of Lisle, Ill.,* 437 F. App'x 490, 496 (7th Cir. 2011). Accordingly, Count II fails to state a claim.

Moreover, although her state law malicious prosecution claim against Hodapp is not barred by the statute of limitations, Hodapp has absolute immunity from suit. Witnesses "enjoy absolute immunity" to ensure that they testify truthfully without fear of reprisal. *Canen v. Chapman*, 847 F.3d 407, 415 (7th Cir. 2017). The scope of their immunity is broadly construed to include preparation of testimony, testimony at pretrial proceedings, depositions, and affidavits. *See Kowalski v. Boliker*, 893 F.3d 987, 1000 (7th Cir. 2018) (collecting cases). This immunity also includes out-of-court conspiracies to present false testimony – at least with respect to the individual who will present the

testimony.  *House v. Belford*, 956 F.2d 711, 720–21 (7th Cir. 1992).  Therefore, Count II is also dismissed against Hodapp.

## Conclusion

For the foregoing reasons, the motions to dismiss filed by Defendants Stacey Ballard (Doc. 19), Williamson County, Brandon Zanotti, Joseph Cervantez, John Currie, Bennie Vick, Brian Thomas, Randy Pritchard, Carl Threlkeld, and Edward Barwick (Doc. 26), and Allen Hodapp, D.V.M. (Doc. 31) are **GRANTED**.  Plaintiff's Complaint is **DISMISSED**.  The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this case.

**IT IS SO ORDERED.**

**DATED:  May 1, 2023**

**STACI M. YANDLE**
**United States District Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELISA KIRKPATRICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-2084-SMY |
| | ) |
| COUNTY OF WILLIAMSON, ILLINOIS, | ) |
| ALLEN HODAPP, D.V.M., | ) |
| BRANDON ZANOTTI, | ) |
| JOE CERVANTEZ, JOHN CURRIE, | ) |
| BENNIE VICK, BRIAN THOMAS, | ) |
| RANDY PRITCARD, | ) |
| CARL THRELKELD, ED BARWICK, | ) |
| STACEY BALLARD, and JOHN DOES | ) |
| | ) |
| Defendants. | ) |

## JUDGMENT IN A CIVIL ACTION

**IT IS HEREBY ORDERED AND ADJUDGED** that by Order dated May 1, 2023 (Doc. 40), Plaintiff's claims against the Defendants are **DISMISSED with prejudice.** Accordingly, the Clerk of Court is **DIRECTED** to close this case.

**DATED:  May 1, 2023**

MONICA STUMP, Clerk of Court

By: s/ Stacie Hurst, Deputy Clerk

Approved:

**STACI M. YANDLE
United States District Judge**

# U.S. District Court
## Southern District of Illinois (East St. Louis)
## CIVIL DOCKET FOR CASE #: 3:22-cv-02084-SMY
## Internal Use Only

| | |
|---|---|
| Kirkpatrick v. County of Williamson, Illinois et al<br>Assigned to: Judge Staci M. Yandle<br>Cause: 42:1983 Civil Rights Act | Date Filed: 09/07/2022<br>Date Terminated: 05/01/2023<br>Jury Demand: Plaintiff<br>Nature of Suit: 440 Civil Rights: Other<br>Jurisdiction: Federal Question |

**Plaintiff**

**Elisa Kirkpatrick**  represented by  **Elisa Kirkpatrick**
804 North State
Christopher, IL 62822
Email:
PRO SE

V.

**Defendant**

**County of Williamson, Illinois**  represented by  **Julie M. Koerner**
IFMK Law, Ltd.
650 Dundee Road
Suite 475
Northbrook, IL 60062
847-291-0200
Fax: 847-291-9230
Email: jkoerner@ifmklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Allen Hodapp**  represented by  **Rebecca A. Whittington**
*D.V.M. in his individual capacity*  Law Offices of Rebecca Whittington
930 West Walnut Street
Carbondale, IL 62901
618-549-8599
Email: rebecca@rebeccawhittington.net
*ATTORNEY TO BE NOTICED*

**Ryan C. Wallis**
Cassiday Schade, LLP - St. Louis
100 North Broadway
Suite 1580
St. Louis, MO 63102
314-241-1377
Fax: 314-241-1320

Email: jwallis@cassiday.com
ATTORNEY TO BE NOTICED

**Defendant**

**Brandon Zanotti**
*in his individual capacity as Williamson County State's Attorney*

represented by **Julie M. Koerner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Joe Cervantez**
*in their individual capacities as Williamson County Assistant State's Attorneys*

represented by **Julie M. Koerner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Currie**
*in their individual capacities as Williamson County Assistant State's Attorneys*

represented by **Julie M. Koerner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bennie Vick**
*in his individual capacity as Sheriff of Williamson County Sheriff's Office*

represented by **Julie M. Koerner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Brian Thomas**
*in their individual capacities as police officers of the Williamson County Sheriff's Office*

represented by **Julie M. Koerner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Randy Pritcard**
*in their individual capacities as police officers of the Williamson County Sheriff's Office*

represented by **Julie M. Koerner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Carl Threlkeld**
*in their individual capacities as police officers of the Williamson County Sheriff's Office*

represented by **Julie M. Koerner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ed Barwick**
*in his individual capacity as animal control officer of Williamson County Animal Control*

represented by **Julie M. Koerner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | |
|---|---|
| **Stacey Ballard** <br> *in her individual capacity as Animal Welfare Investigator of Illinois Department of Agriculture* | represented by **Martin Plute** <br> Illinois Attorney General's Office - Belleville, IL <br> 201 West Pointe Drive <br> Suite 7 <br> Belleville, IL 62226 <br> 618-236-8781 <br> Email: martin.plute@ilag.gov <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* |

**Defendant**

**John Doe**
*I-X, in their individual capacities as police officers of the Williamson County Sheriff's Office*

**Defendant**

**John Doe**
*XI-XV in their individual capacities as animal control officers for Williamson County Animal Control*

[Email All Attorneys]
[Email All Attorneys and Additional Recipients]

| Date Filed | # | Docket Text |
|---|---|---|
| 09/06/2022 | 1 | COMPLAINT against All Defendants, filed by Elisa Kirkpatrick. Filing fee of $402.00 receipt number 41. (kdw) (Entered: 09/07/2022) |
| 09/12/2022 | 2 | Notice of Judge Assignment. Judge Staci M. Yandle assigned. All future documents must bear case number 22-2084-SMY Refer to the pro se litigant guide, found on the ILSD website, for further information. (kdw) (Entered: 09/12/2022) |
| 09/12/2022 | 3 | NOTICE FROM CLERK Instructing Elisa Kirkpatrick to file Notice and Consent to Proceed Before A Magistrate Judge Jurisdiction Form: Pursuant to Administrative Order No. 257, within 21 days of this Notice, you must file the attached form indicating your consent to proceed before a Magistrate Judge or an affirmative declination to consent. A link regarding the magistrate judges in this district is attached for your convenience: http://www.ilsd.uscourts.gov/documents/BenefitsofConsent.pdf. Consent/Non-Consent to U.S. Magistrate Judge Jurisdiction form sent to Elisa Kirkpatrick on 09/12/2022. Consent due by 10/3/2022 (kdw) (Entered: 09/12/2022) |
| 09/28/2022 | 🔒 4 | CONSENT/NON-CONSENT TO U.S. MAGISTRATE JUDGE - sealed pending receipt from all parties. (kdw) (Entered: 09/28/2022) |
| 09/28/2022 | 5 | NOTICE OF CASE ASSIGNMENT/REASSIGNMENT: Pursuant to Administrative Order No. 257, this case will remain with the assigned District Judge Staci M. Yandle.. This Notice does not alter any prior referrals of motions or matters pursuant to 28 U.S.C. Sec. 636(b)(1-3). (kdw) (Entered: 09/28/2022) |
| 11/08/2022 | 6 | MOTION to Appoint Special Process Server by Elisa Kirkpatrick. (kdw) (Entered: 11/08/2022) |

| | | |
|---|---|---|
| 11/30/2022 | [7](#) | Summonses Issued as to Stacey Ballard, Ed Barwick, Joe Cervantez, County of Williamson, Illinois, John Currie, Allen Hodapp, Randy Pritcard, Brian Thomas, Carl Threlkeld, Bennie Vick, Brandon Zanotti and originals handed to Plaintiff over the intake counter. (kdw) (Entered: 11/30/2022) |
| 12/07/2022 | [8](#) | Summonses Reissued as to Stacey Ballard, Ed Barwick, Joe Cervantez, County of Williamson, Illinois, John Currie, Allen Hodapp, Randy Pritcard, Brian Thomas, Carl Threlkeld, Bennie Vick, and Brandon Zanotti. Originals returned to Plaintiff. (kek) (Entered: 12/07/2022) |
| 12/08/2022 | 9 | ORDER DENYING Plaintiff's Motion to Appoint Special Process Server (Doc. [6](#) ): Under Fed.R.Civ.P. 4(c), the responsibility for service of process rests with the plaintiff, and service may be made by any person who is not a party and over the age of 18. The Court may, at a plaintiff's request, order that service of the summons and complaint be made by a U.S. marshal, a deputy marshal, or by a person specially appointed by the Court. *See* Fed. R. Civ. P. 4(c)(3). The rule mandates such a procedure where the plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915, or as a seaman under 28 U.S.C. § 1916. Id. Here, the procedure is not mandatory because Plaintiff is not proceeding in forma pauperis in this matter and Plaintiff has not explained why a private process server cannot serve Defendants absent a court appointment. Accordingly, the motion to appoint a process server is DENIED. Signed by Judge Staci M. Yandle on 12/8/2022. (mah). THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 12/08/2022) |
| 12/19/2022 | [10](#) | NOTICE of Appearance by Julie M. Koerner on behalf of Ed Barwick, Joe Cervantez, County of Williamson, Illinois, John Currie, Randy Pritcard, Brian Thomas, Carl Threlkeld, Bennie Vick, Brandon Zanotti (Koerner, Julie) (Entered: 12/19/2022) |
| 12/19/2022 | [11](#) | MOTION for Extension of Time to File Answer re [1](#) Complaint *DEFENDANTS MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING* by Ed Barwick, Joe Cervantez, County of Williamson, Illinois, John Currie, Randy Pritcard, Brian Thomas, Carl Threlkeld, Bennie Vick, Brandon Zanotti. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B)(Koerner, Julie) (Entered: 12/19/2022) |
| 12/20/2022 | [12](#) | NOTICE FROM CLERK Instructing Williamson County, Brandon Zanotti, Joseph Cervantez, John Currie, Bennie Vick, Brian Thomas, Randy Pritchard, Carl Threlkeld, and Edward Barwick to file Notice and Consent to Proceed Before A Magistrate Judge Jurisdiction Form: Pursuant to Administrative Order No. 257, within 21 days of this Notice, you must file the attached form indicating your consent to proceed before a Magistrate Judge or an affirmative declination to consent. A link regarding the magistrate judges in this district is attached for your convenience: http://www.ilsd.uscourts.gov/documents/BenefitsofConsent.pdf. Consent/Non-Consent to U.S. Magistrate Judge Jurisdiction form sent to Williamson County, Brandon Zanotti, Joseph Cervantez, John Currie, Bennie Vick, Brian Thomas, Randy Pritchard, Carl Threlkeld, and Edward Barwick on 12/20/2022. Consent due by 1/10/2023 (clw) (Entered: 12/20/2022) |
| 12/20/2022 | 13 | ORDER: Defendants' Motion for Extension of Time to Answer (Doc. [11](#) ) is GRANTED. Responsive pleading due by February 10, 2023. Signed by Judge Staci M. Yandle on 12/20/2022. (mah). THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 12/20/2022) |

| | | |
|---|---|---|
| 12/23/2022 | 14 | NOTICE of Appearance by Martin Plute on behalf of Stacey Ballard (Plute, Martin) (Entered: 12/23/2022) |
| 12/27/2022 | 15 | SUMMONS Returned Executed by Elisa Kirkpatrick. Stacey Ballard served on 12/14/2022, answer due 1/4/2023; Ed Barwick served on 12/7/2022, answer due 12/28/2022; Joe Cervantez served on 12/19/2022, answer due 1/9/2023; County of Williamson, Illinois served on 12/7/2022, answer due 12/28/2022; John Currie served on 12/7/2022, answer due 12/28/2022; Allen Hodapp served on 12/19/2022, answer due 1/9/2023; Brian Thomas served on 12/13/2022, answer due 1/3/2023; Carl Threlkeld served on 12/7/2022, answer due 12/28/2022; Bennie Vick served on 12/7/2022, answer due 12/28/2022; Brandon Zanotti served on 12/13/2022, answer due 1/3/2023. (kdw) (Entered: 12/27/2022) |
| 01/04/2023 | 16 | SUMMONS Returned Executed by Elisa Kirkpatrick. Randy Pritcard served on 12/15/2022, answer due 1/5/2023. (kdw) (Entered: 01/04/2023) |
| 01/04/2023 | 🔒 17 | CONSENT/NON-CONSENT TO U.S. MAGISTRATE JUDGE - sealed pending receipt from all parties. (Koerner, Julie) (Entered: 01/04/2023) |
| 01/04/2023 | 18 | MOTION to Dismiss by Stacey Ballard. (Plute, Martin) (Entered: 01/04/2023) |
| 01/04/2023 | 19 | MEMORANDUM in Support re 18 MOTION to Dismiss filed by Stacey Ballard. (Plute, Martin) (Entered: 01/04/2023) |
| 01/10/2023 | 🔒 20 | CONSENT/NON-CONSENT TO U.S. MAGISTRATE JUDGE - sealed pending receipt from all parties. (Plute, Martin) (Entered: 01/10/2023) |
| 01/24/2023 | 21 | NOTICE of Appearance by Rebecca A. Whittington on behalf of Allen Hodapp (Whittington, Rebecca) (Entered: 01/24/2023) |
| 01/24/2023 | 22 | First MOTION for Extension of Time to File Answer by Allen Hodapp. (Whittington, Rebecca) (Entered: 01/24/2023) |
| 01/25/2023 | 23 | ORDER: Defendant Allen Hodapp's Motion for Extension of Time to Answer (Doc. 22 ) is GRANTED. Responsive pleading due by March 24, 2023. Signed by Judge Staci M. Yandle on 1/25/2023. (mah). THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/25/2023) |
| 01/26/2023 | 24 | RESPONSE in Opposition re 18 MOTION to Dismiss filed by Elisa Kirkpatrick. (Attachments: # 1 Memorandum of Law)(clw) (Entered: 01/26/2023) |
| 01/27/2023 | 25 | NOTICE of Appearance by Ryan C. Wallis on behalf of Allen Hodapp (Wallis, Ryan) (Entered: 01/27/2023) |
| 02/10/2023 | 26 | MOTION to Dismiss for Failure to State a Claim , MOTION to Dismiss for Lack of Jurisdiction by Ed Barwick, Joe Cervantez, County of Williamson, Illinois, John Currie, Randy Pritcard, Brian Thomas, Carl Threlkeld, Bennie Vick, Brandon Zanotti. (Attachments: # 1 Exhibit A, Kirkpatrick Opinion, # 2 Exhibit B, WC Docket)(Koerner, Julie) (Entered: 02/10/2023) |
| 03/06/2023 | 27 | ORDER REFERRING CASE TO MEDIATION. Signed by Judge Staci M. Yandle on 3/6/2023. (slh) (Entered: 03/06/2023) |
| 03/07/2023 | 28 | CJRA TRACK B assigned: Final Pretrial Conference set for 4/3/2024 at 9:30 AM and Jury Trial set for 4/15/2024 at 9:00 AM in Benton Courthouse before Judge Staci M. Yandle. Signed by Judge Staci M. Yandle on 3/7/2023. (slh) (Entered: 03/07/2023) |

| | | | |
|---|---|---|---|
| 03/07/2023 | | 29 | ORDER SETTING SCHEDULING CONFERENCE: A Telephonic Scheduling Conference is SET for April 21, 2023, 2023, at 10:00 a.m. before Judge Staci M. Yandle. Instructions for joining the conference call are as follows: All parties should call toll free 877-873-8017 and enter the access code 4354777. **The parties shall submit a Joint Report of the Parties and Proposed Scheduling and Discovery Order at least seven (7) days prior to the conference call by email to SMYpd@ilsd.uscourts.gov**. Signed by Judge Staci M. Yandle on 3/7/2023. (slh)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/07/2023) |
| 03/14/2023 | | 30 | RESPONSE in Opposition re 26 MOTION to Dismiss for Failure to State a Claim MOTION to Dismiss for Lack of Jurisdiction filed by Elisa Kirkpatrick. (Attachments: # 1 Memorandum of Law in Support)(kdw) (Entered: 03/14/2023) |
| 03/24/2023 | | 31 | MOTION to Dismiss by Allen Hodapp. (Wallis, Ryan) (Entered: 03/24/2023) |
| 03/24/2023 | | 32 | MEMORANDUM in Support re 31 MOTION to Dismiss filed by Allen Hodapp. (Wallis, Ryan) (Entered: 03/24/2023) |
| 03/24/2023 | | 33 | MOTION to Strike *DEFENDANTS JOINT MOTION TO STRIKE DATES TO FILE PROPOSED RULE 26(f) SCHEDULING ORDER* by Ed Barwick, Joe Cervantez, County of Williamson, Illinois, John Currie, Randy Pritcard, Brian Thomas, Carl Threlkeld, Bennie Vick, Brandon Zanotti. (Koerner, Julie) (Entered: 03/24/2023) |
| 03/29/2023 | | 34 | MOTION for Leave to File *REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND REPLY* by Ed Barwick, Joe Cervantez, County of Williamson, Illinois, John Currie, Randy Pritcard, Brian Thomas, Carl Threlkeld, Bennie Vick, Brandon Zanotti. (Koerner, Julie) (Entered: 03/29/2023) |
| 04/12/2023 | | 35 | MOTION to Strike 34 MOTION for Leave to File *REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND REPLY* by Elisa Kirkpatrick. (csb) (Entered: 04/12/2023) |
| 04/12/2023 | | 36 | MEMORANDUM in Support re 35 MOTION to Strike 34 MOTION for Leave to File *REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND REPLY* filed by Elisa Kirkpatrick. (csb) (Entered: 04/12/2023) |
| 04/18/2023 | | 37 | ORDER: Defendants' Joint Motion to Strike Dates to File Proposed Rule 26(f) Scheduling Order (Doc. 33 ) is GRANTED. The Scheduling Conference set on April 21, 2023 and deadline for filing the proposed scheduling and discovery order are VACATED and will be reset if necessary following a ruling on the pending motions to dismiss. Signed by Judge Staci M. Yandle on 4/18/2023. (mah). THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 04/18/2023) |
| 04/26/2023 | | 38 | RESPONSE in Opposition re 31 MOTION to Dismiss filed by Elisa Kirkpatrick. (kdw) (Entered: 04/26/2023) |
| 04/26/2023 | | 39 | MEMORANDUM in Opposition re 31 MOTION to Dismiss filed by Elisa Kirkpatrick. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(kdw) (Entered: 04/26/2023) |
| 05/01/2023 | | 40 | ORDER: The motions to dismiss (Docs. 19 , 26 , and 31 ) are GRANTED. Plaintiff's Complaint is DISMISSED, all pending motions are TERMINATED as MOOT, and the Clerk of Court is DIRECTED to enter judgment accordingly and close this case. Signed by Judge Staci M. Yandle on 5/1/2023. (mah) (Entered: 05/01/2023) |

| | | |
|---|---|---|
| 05/01/2023 | 41 | CLERK'S JUDGMENT. Approved by Judge Staci M. Yandle on 5/1/2023. (mah) (Entered: 05/01/2023) |
| 05/31/2023 | 42 | NOTICE OF APPEAL as to 41 Clerk's Judgment, 40 Order,, Terminate Motions, by Elisa Kirkpatrick. Filing fee $ 505, receipt No. 731. (csb) (Entered: 05/31/2023) |